Wardlaw, J.
dissenting. The plaintiff in this case might have maintained an action on the case, for an injury to his interest, and as there were counts in case, which I must suppose were well drawn, I agree in the result of the motion; but I dissent from the opinion that trover can be maintained by the mortgagee of chattels before breach of condition, where, as in this case, and generally in mortgages, as distinguished from pledges, the right of possession in the mortgagor, until condition broken, has been stipulated.
The plaintiff in trover must have the right of immediate possession, and it is a mistake to suppose, as is hastily *185 said in Stubbs vs. White, that either the right of property, or the right of possession, will maintain the action. Could the mortgagee, in a case like this, maintain trover against the mortgagor before condition broken'? He could not, because the right of possession in the mortgagor is part of the contract. If he could not maintain the action against the mortgagor, he cannot against one who has the mortgagor’s right, and such an one is he to whom the mortgagor has transferred the possession, and perhaps also he who, by attachment or other legal lien, has succeeded to the mortgagor’s right. The legal title, "the right of property, may be in the mortgagee from the execution of the mortgage ; after breach of condition, there may be in the mortgagor nothing but a mere equity, subject to the mortgagee’s right to take possession at pleasure; but, in my opinion, before breach, a legal right of possession is in the mortgagor, as in a bailor for hire, which is subject to his contract or disposition, provided that the rights of the mortgagee be not thereby defeated or endangered. But however rights might be settled between the mortgagor and his creditor, it does not follow that where the possession has been taken from the mortgagor, with or without his consent, the action of trover must lie in favor of the mortgagee, because it would be found not to be maintainable by the mortgagor. The mortgagee may have a right of action, but not the action of trover. The defendant, whether a stranger or a privy, can shew for his defence against the plaintiff in trover, who claims the right of immediate possession, that under the plaintiff’s contract that right is not in him. If a stranger to the contract of mortgage cannot shew for his protection the rights and relations established by the contract, why may not the same be said as to a stranger to the contract of hiring or sale, and thus a lessor for hire, or even a seller, be allowed to maintain trover'?
The peculiar advantages given by the Act of 1827 to the action of trover, make it a desirable remedy, but the right to maintain it, is not, therefore, to be conceded to on§ who is not otherwise entitled to it.